UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eugene Sandsbury

     v.                                            Case No. 24-cv-92-SM-TSM

John Teers and DCI

## REPORT AND RECOMMENDATION

Before the court is Eugene Sandsbury's complaint (Doc. No. 1), which is here for preliminary review, under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## Preliminary Review Standard

The court conducts a preliminary review of complaints filed by plaintiffs like Sandsbury who are permitted to proceed without prepaying the filing fee. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. Because Sandsbury is proceeding pro se, the court construes his filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Sandsbury alleges that while he was in a sober living program, working at DCI Furniture ("DCI"), he was injured due to an incident with his manager. On a day when he had been given an easy job to do, Sandsbury patted his manager, John Teers, on the back. Teers responded by hip-checking Sandsbury, who landed wrong. Sandsbury went to the Littleton Hospital a few days later and was told not to work for a couple of weeks. He asserts that the change in his routine caused him to relapse. He ended up back in prison for a parole violation. He anticipates being

released soon.  He names DCI and Teers as defendants.  He says he is not sure what he can do to obtain relief.

## Discussion

Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  The presumption is that a federal court lacks jurisdiction.  Kokkonen, 511 U.S. at 377.  The burden is on the plaintiff to affirmatively allege jurisdiction and prove it.  Id.  If the court lacks subject matter jurisdiction, the court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

Sandsbury's claims against the defendants in this case appear to be tort claims that arise under state law.  Neither of the defendants is a government agent.  The court may not exercise "federal question" subject matter jurisdiction over the case.  See 28 U.S.C. § 1331.

A federal court can exercise jurisdiction over state law claims in the absence of any federal claim if the case satisfies the requirements for "diversity" jurisdiction under 28 U.S.C. § 1332.  To invoke the court's diversity jurisdiction, Sandsbury must demonstrate that: (a) the amount in controversy exceeds $75,000; and (b) he and the defendants are citizens of different states.  Id.  He must show that the parties are completely diverse, that is, that no defendant is a citizen of the same state as the plaintiff.  See Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009).

Sandsbury listed all of the parties as having New Hampshire addresses.  He has not demonstrated that he and the defendants are citizens of different states.  Accordingly, the district judge should dismiss this case for lack of subject matter jurisdiction, without prejudice to the plaintiff's ability to file a new case in state court where there may be jurisdiction over his claims.

**Conclusion**

For the foregoing reasons, the district judge should dismiss this case for lack of subject matter jurisdiction, without prejudice to Sandsbury's ability to file a new case in state court. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 19, 2024

cc:     Eugene Sandsbury, pro se